**UNITED STATES ex rel. SO HO LING v. DAY, Commissioner of Immigration.**

District Court, S. D. New York.
July 10, 1930.

John M. Lyons, of New York City, for relator.

Charles H. Tuttle, U. S. Atty.; and Mario G. Di Pirro, Asst. Dist. Atty., both of New York City, for respondent.

BONDY, District Judge.

The warrant of arrest and the warrant of deportation state that they were issued on the ground that the relator is a Chinese laborer not in possession of a certificate of residence.

■ Section 6 of the Chinese Exclusion Act of May 5, 1892, as amended by the Act of November 3, 1893 (8 USCA § 287), requiring Chinese laborers to register, applies only to Chinese laborers then lawfully residing in the United States.

■ The relator was not then in the United States, nor, in fact, had he been born at the time that registration was required. His failure to register and procure a certificate of residence therefore does not constitute ground for his deportation. In re Chin Ark Wing (D. C.) 115 F. 412; In re Tam Chung (D. C.) 223 F. 801.

Before the relator went to China in 1928, there was issued to him, as a Chinese admitted in 1912, a return certificate. This was issued after careful consideration as to his identity.

In 1929, he produced his return certificate and was admitted to the United States.

There are no material discrepancies in the testimony given in 1929 to justify the immigration authorities in concluding that the person before them was not the man who appeared before them in 1928, and, since at that time the question of his identity as the same person who came over in 1912 was decided in his favor, it would seem arbitrary now to reach a contrary conclusion on substantially the same evidence.

In any case, however, these discrepancies and failure to establish identity were not made the basis of the charges which the warrant required him to meet. The writ accordingly must be sustained.